**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ACCESS URGENT MEDICAL CARE, INC.<br>4661 SAWMILL ROAD<br>UPPER ARLINGTON, OHIO<br>43220-6123 | :<br>:<br>:<br>:<br>:<br>: | |
| | : | CASE NO. _____ |
| PLAINTIFF, | :<br>: | |
| VS. | :<br>: | |
| MEDICAL BILL SOLUTIONS SERVICES, INC.<br>335 MORGANZA ROAD<br>SUITE 200<br>CANONSBURG, PA 15317 | :<br>:<br>:<br>:<br>:<br>: | JUDGE _____ |
| AND | :<br>: | |
| ETRANSMEDIA<br>385 JORDAN ROAD<br>RENSSELAER TECHNOLOGY PARK<br>TROY, NY 12180 | :<br>:<br>:<br>:<br>: | |
| DEFENDANTS. | :<br>: | |

**COMPLAINT FOR IMMEDIATE INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, Access Urgent Medical Care, Inc., (hereinafter "Access") asserts the following claims under common law breach of contract theory. This Complaint stems from Defendants' conduct in connection with certain transactions described in greater detail below.

**I. JURISDICTION AND VENUE**

1. Jurisdiction is founded on the provisions of 28 U.S.C. §1332 inasmuch as the parties are citizens of different states and the amount in controversy exclusive of

interest exceeds $75,000.00.  Plaintiffs also seek declaratory relief under the terms of 28 U.S.C. §2201 and Fed. R. Civ. P. 57.

2. Venue is properly laid in this district under the provisions of 28 U.S.C.A. §1391(a).

3. The transactions complained of in this complaint took place, in part, in the City of Upper Arlington, County of Franklin, State of Ohio, in the year 2012, and, upon information and belief, are ongoing.

## II.  PARTIES

4. Plaintiff, Access Urgent Medical Care, Inc., is a corporation organized and existing under the laws of the State of Ohio.

5. Defendants Medical Billing Solutions Services, Inc. (hereinafter "MBSS") and Etransmedia, are non Ohio corporate entities. Neither MBSS nor Etransmedia is incorporated or has their principal place of business in Ohio.

## III.  FACTS COMMON TO ALL COUNTS

6. In September 2012, Access and MBSS entered into an agreement under which MBSS undertook to provide medical billing services to Access.  A copy of the agreement is at Exhibit A.  Under the agreement MBSS is to be paid management fee which consists of a percentage or 4.75% based on the monthly dollar volume of receipts.

7. Under the terms of Paragraph 24 of the agreement at Exhibit A, the written consent of the parties is required to assign or modify the agreement.

8. As of January 10, 2017, Access is owed $1,789,624.26 in billings that MBSS has failed to process and collect.

9. Notwithstanding the failure of MBSS to process and collect amounts owed to Access under the parties' agreement, Defendant Etransmedia, an entity with which Access has no contractual relationship has made the baseless allegation that it is owed management fees by Access that if not paid by January 16, 2017 will result in all services provided by MBSS being terminated thereby causing irreparable harm to Access by unjustifiably terminating billing services. See, Exhibit B. The termination of billing services threatens to interrupt the revenue stream of Access to a point that it will lose market share and likely cease as a going concern.

## COUNT I: BREACH OF CONTRACT

10. Plaintiff incorporates by reference here and realleges every allegation contained in Paragraphs 1 through 9 above, as if fully set forth here.

11. Defendant MBSS has breached the parties' agreement by assigning its responsibilities to Etransmedia without the consent of Access.

12. Defendant MBSS through this breach has failed to collect $1,789,624.26 owed to Access.

13. Plaintiff has been damaged by MBSS's actions described above and MBSS is liable to Plaintiff in compensatory damages, interest, cost, and attorneys fees.

## COUNT II: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

14. Plaintiff incorporates by reference here and realleges every allegation contained in Paragraphs 1 through 13 above as if fully set forth herein.

15. Access has no contractual agreement with Etransmedia, but does have a contract for services with MBSS. Etransmedia is aware of the contract between Access and MBSS.

3

16. Notwithstanding the awareness of the Access-MBSS Agreement, Etransmedia has threatened to interfere with the Access-MBSS business relationship by causing billing and collection services to be terminated on January 16, 2017, which will cause irreparable harm to Access due to loss market share and cessation as a going concern

17. Access has no adequate remedy in law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows;

a) An immediate order with temporary restraint prohibiting Etransmedia or MBSS from terminating billing and collection services on behalf of Access.

b) A preliminary and permanent injunction perpetrating the order referred to above;

c) Compensatory damages in an amount not less that $1,789,624.26;

d) Punitive damages in an amount not less than three times compensatory damages;

e) In the alternative, recission of the parties agreement;

f) A declaration that Plaintiff is not required to make my payments under the agreement at Exhibit A pending resolution of the claims herein;

g) An order requiring defendants to continue billing and collection services pending resolution of Plaintiff's claims;

h) Attorneys fees, interest and costs and such other relief as the court deems just.

4

Respectfully submitted,

*s/Percy Squire, Esq.*
PERCY SQUIRE (0022010)
PERCY SQUIRE CO., LLC
341 S. Third Street, Suite 10
Columbus, Ohio 43215
Telephone: (614) 224-6528
Facsimile: (614) 224-6529
psquire@sp-lawfirm.com
Counsel for Plaintiff

5